IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN L. PLEW, # S-03238, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-823-MJR |
| | ) |
| RANDY GROUNDS, | ) |
| L. CLARK, | ) |
| and MS. HILDEBRANDT, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Robinson Correctional Center ("Robinson"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that his legal and privileged mail has been opened by prison officials, in violation of his constitutional rights.

More specifically, Plaintiff asserts that on four occasions, his "privileged" mail has been opened and treated as regular mail, contrary to prison administrative regulations (Doc. 1, p. 6, Doc. 1-1, pp. 2-3). The first incident mentioned in the complaint occurred on March 26, 2014, but Plaintiff does not describe the nature of the opened letter, nor does he state who sent it to him (Doc. 1, p. 6). The next incident was on May 13 or 15, 2014,[1] when he received an improperly opened letter from the Dentons Law Firm, which had been marked as "Legal Correspondence" (Doc. 1-1, p. 4). Then, on May 14 or 16, he received a letter from the Clerk of this Court (Doc. 1-1, p. 5) which had also been opened. He filed a grievance to request that his

---

[1] The complaint states that privileged mail was opened on May 13 and May 14, 2014, while Plaintiff's attached grievance says that Plaintiff received these letters on May 15 and May 16, 2014, after they had been opened outside his presence (Doc. 1-1, p. 2). Despite the confusion over the dates, it appears that Plaintiff is referring only to one letter from the Dentons Law Firm and one letter from this Federal District Court, both received in May 2014.

"legal or federal" mail not be opened by mail room staff unless he was present (Doc. 1-1, pp. 2-3). That grievance was upheld, and the response stated that the mailroom was to follow the procedure in DR 525.110[2] in regards to "legal mail" (Doc. 1-1, p. 1).

However, the same problem recurred on June 24, 2014, when a letter to Plaintiff from the John Howard Association arrived after having been opened outside his presence.

Plaintiff now seeks money damages, a declaratory judgment, and an injunction to stop the improper opening of his mail.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

Although Plaintiff describes four incidents when he believes prison officials failed to comply with the administrative regulations regarding "privileged mail," not all of his allegations raise constitutional concerns. *Legal* correspondence directed to prisoners – that is, mail from an attorney or law firm – is entitled to heightened protection. However, mail from a court or from an organization such as the John Howard Association is not "legal mail" – under either a constitutional analysis or as defined within the regulations governing the Illinois Department of Corrections. Under the state administrative regulations cited by Plaintiff, some of

---

[2] Plaintiff includes as an exhibit a portion of the relevant sections of the Illinois Administrative Code governing the handling of mail for prisoners in the Illinois Department of Corrections ("IDOC") (Doc. 1-1, pp. 9-10). ILL. ADMIN. CODE tit. 20, § 525.110 (2014). This section defines "Incoming privileged mail" as including mail from the John Howard Association and "legal mail." § 525.110(f)(10), (11). "Legal mail" is further defined, in part, as mail to and from registered attorneys and organizations that provide direct legal representation to offenders. § 525.110(h)(1) and (5).

the letters he describes may have been "privileged."  See ILL. ADMIN. CODE tit. 20, § 525.110 (2014).  However, only one of the letters (the correspondence from the Dentons Law Firm) raises a potential constitutional claim as true "legal mail."

> Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe*, 196 F.3d at 782.  An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts.  *Rowe*, 196 F.3d at 782.  Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence.  *See Wolff*, 418 U.S. at 577, 94 S. Ct. 2963; *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 305-06 (7th Cir.1993).

*Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005).

Thus, if a letter does not come from an attorney and is not marked with the warning that it is legal mail, it may be opened for inspection without compromising the inmate's constitutional rights.  The John Howard Association letter was not marked as legal correspondence, and the complaint does not suggest that the envelope contained correspondence from an attorney.  Thus, Plaintiff did not suffer any harm to his constitutional rights when that letter was opened.

Similarly, correspondence from the Clerk of this Court (or any other court) is not "legal mail" and may be opened outside the inmate's presence.

> [W]ith minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files.  It is therefore not apparent to us why it should be regarded as privileged and how [the plaintiff] could be hurt if the defendant read these documents before or after [the plaintiff] does.

*Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996).  Therefore, Plaintiff's rights were not violated when his official court mail

was opened outside his presence.  *See Stone-El v. Fairman*, 785 F. Supp. 711, 715-16 (N.D. Ill. 1991) (applying the rationale of *Martin* to incoming mail from court clerks).

Under the IDOC administrative regulations governing incoming mail, incoming privileged mail must be "clearly marked as 'privileged'[.]"  ILL. ADMIN. CODE tit. 20, § 525.140(a) (2014).  Such mail may be opened for inspection in the presence of the offender. § 525.140(b).  Further, "All incoming non-privileged mail, including mail from clerks of courts, shall be opened and inspected for contraband."  § 525.140(d).  Plaintiff's exhibits disclose that only one of the envelopes (the Denton law firm letter) was marked as privileged in conformance with the above rule (Doc. 1-1, pp. 4, 5, 11).  Plaintiff thus has no complaint that the mail room staff violated the IDOC rules when they opened the envelope from the John Howard Association, and the rules clearly direct that mail from clerks of court shall be opened.  Furthermore, even if the rules had been violated, a mere rule violation does not rise to the level of a constitutional deprivation.  A federal court does not enforce state law or regulations.  *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001); *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied*, 489 U.S. 1065 (1989).

Thus, the only incident which merits any constitutional scrutiny is the opening of the Dentons Law Firm envelope outside Plaintiff's presence.  This Court has found that "isolated incidents of interference with legal mail" do not state a constitutional violation, in the absence of any showing of "a systematic pattern or practice of interference."  *Bruscino v. Carlson*, 654 F. Supp. 609, 618 (S.D. Ill. 1987).  As in that case, the Court does not in any way condone the improper handling of legal mail by prison officials.  However, the inadvertent or negligent opening of an occasional legal letter is not actionable.  *See, e.g.*, *Bryant v. Winston*, 750 F. Supp.

733 (E.D. Va. 1990).  A defendant can never be held liable under § 1983 for negligence.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Based on the allegations in the instant complaint, it appears that the improper opening of the Dentons Law Firm correspondence was just such a negligent or inadvertent action.  Even if the original incident of improper mail handling in March 2014 also involved a true legal letter, as opposed to some non-legal but "privileged" mail (which cannot be discerned due to Plaintiff's incomplete factual description), this would not suggest a systematic pattern or practice of violating Plaintiff's constitutional rights.  Further, Plaintiff has not made any showing that he was harmed in any way.  In consideration of all these factors, the complaint fails to state a constitutional claim upon which relief may be granted.  This action shall accordingly be dismissed with prejudice.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  Defendants **GROUNDS, CLARK,** and **HILDEBRANDT** are **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.

*See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[3] may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 14, 2014**

s/ MICHAEL J. REAGAN
United States District Judge

---

[3] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).